IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE URBINA-VERGARA,** | : | CIVIL ACTION |
| *Petitioner*, | : | |
| | : | NO. 26-401 |
| v. | : | |
| | : | |
| **J.L. JAMISON,** *in his official capacity* | : | |
| **as Warden of Federal Detention Center,** | : | |
| **Philadelphia, et al.,** | : | |
| *Respondents*. | : | |

# ORDER

**AND NOW**, this 10th day of February 2026, upon consideration of Petitioner Jose Urbina-Vergara's, ("Mr. Urbina-Vergara"), *petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241,* (ECF 1), Mr. Urbina-Vergara's *motion for temporary restraining order,* (ECF 2), and Respondents' response in opposition, (ECF 5), it is hereby **ORDERED** that Mr. Urbina-Vergara's *habeas corpus* petition is **GRANTED**, for the reasons set forth:[1]

1. This Court has jurisdiction to review a *habeas* petition and to grant *habeas* relief to any person in custody "under or by color of the authority of the United States" or "in

---

[1] This Court relies on its analyses set forth in the matters of *Kumar v. McShane*, No. CV 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025), *Ochoa v. Rose*, No. CV 25-7021, 2025 WL 3725042 (E.D. Pa. Dec. 24, 2025), *Castillo Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816 (E.D. Pa. Jan. 9, 2026), and *Nasimov v. Jamison*, No. CV 25-7420, 2026 WL 94615 (E.D. Pa. Jan. 13, 2026), and herein incorporates and makes said analyses part of this Order.

The facts and argument in *Kumar,* the cited cases, and this case are similar in nature. They all involved *habeas* petitions and detentions related to immigration matters. Here, Mr. Urbina-Vergara is a native of Mexico seeking asylum in the United States. Mr. Urbina-Vergara entered the United States on November 29, 2023, at the Mexican border and was encountered by the Department of Homeland Security, who released him into the United States without inspection. On January 20, 2026, Mr. Urbina-Vergara, while on his way to work at 6:40 a.m., was detained by Untied States Immigration and Customs Enforcement, ("ICE"), agents near his current residence in Coatesville, Pennsylvania. ICE agents arrested Mr. Urbina-Vergara without stated justification. A Master's Hearing has been scheduled for February 12, 2026, before the Immigration Court in Elizabeth, New Jersey.

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3);

2. No provision of the Immigration and Nationalization Act, ("INA"),[2] strips this Court of jurisdiction over Mr. Urbina-Vergara's *habeas* petition;

3. To be entitled to *habeas* review in this matter, Mr. Urbina-Vergara does not need to exhaust administrative remedies since the issue presented involves only statutory construction of 8 U.S.C §§ 1225 and 1226, *see Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012), and "exhaustion is not clearly mandated by statute, [and] a futility exception exists," *Duvall v. Elwood*, 336 F.3d 228, 234 (3d Cir. 2003);

4. Mr. Urbina-Vergara's mandatory detention under § 1225(b)(2) violates the INA;

5. Additionally, Mr. Urbina-Vergara's detention pursuant to 8 U.S.C § 1225(b)(2) violates the Due Process Clause of the Fifth Amendment of the United States Constitution;

6. Because Mr. Urbina-Vergara does not appear to be a danger to the community nor a flight risk, and is being unlawfully and unconstitutionally detained, he is to be immediately released after his transport back to the Federal Detention Center, (the "FDC"), in Philadelphia, Pennsylvania, (*see infra* at Paragraph 7);

7. Respondents shall immediately transfer Mr. Urbina-Vergara from Moshannon Valley Processing Center, (the "MVPC"), in Phillipsburg, Pennsylvania, to the FDC in Philadelphia, Pennsylvania within twenty-four (24) hours of this Order;[3]

---

[2]    Including 8 U.S.C. §§ 1252(a)(2)(B)(ii), (b)(9), and (g), the sections on which the Government relies to argue.

[3]    Respondents informed this Court that they transferred Mr. Urbina-Vergara from the FDC to the MVPC on January 26, 2026, three days before this Court entered a Temporary Restraining Order directing Respondents not to move Mr. Urbina-Vergara out of the Eastern District of Pennsylvania, (ECF 5 at pp. 3-

8. Upon his return and arrival at the FDC, Respondents shall immediately release Mr. Urbina-Vergara from custody at the FDC in Philadelphia;

9. Respondents are further directed to return to Mr. Urbina-Vergara any and all funds or property which may have been seized from Mr. Urbina-Vergara at the time of his arrest;

10. Respondents are directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on February 11, 2026; and

11. In the event Mr. Urbina-Vergara is re-detained, it shall be pursuant to 8 U.S.C. § 1226(a) and, thus, Respondents shall provide Mr. Urbina-Vergara with a timely bond hearing and, if it becomes necessary, an opportunity to appeal any future denial of bond with the Board of Immigration Appeals.

It is further **ORDERED** that, in light of this Court's Order to grant the *habeas* petition, the Temporary Restraining Order granted on January 29, 2026, is herein **VACATED**. Accordingly, Mr. Urbina-Vergara's request that the Temporary Restraining Order be converted into a preliminary injunction, is **DENIED**, as moot.

The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

4). Notably, the transfer was four days *after* the motion for a temporary restraining order was filed. (*See* ECF 2).